| | |
|---|---|
| CAMERON SHEPARD, | No. 2:15-cv-1894 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff again requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

1

The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Thus, plaintiff's motion is denied.

On January 5, 2017, plaintiff filed a document entitled "Pretrial Statement/Exhibits and Witness List." (ECF No. 37.) However, the court has not yet ordered the parties to submit their pretrial statements, exhibits or witness lists. Thus, plaintiff's pretrial statement is premature and is disregarded.

On January 2, 2017, defendants filed a motion for summary judgment. (ECF No. 36.) Following resolution of the motion for summary judgment, the court will issue, if appropriate, a further scheduling order requiring the filing of pretrial statements, exhibits and witness lists.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 35) is denied without prejudice; and

2. Plaintiff's pretrial statement (ECF No. 37) is premature and is disregarded.

Dated: August 8, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

shep1894.31