UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON SHEPARD,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>  Defendants. | No. 2:15-cv-1894 KJN P<br><br>ORDER |

I. Introduction

Plaintiff has filed a motion to reopen discovery, or, in the alternative, to appoint him an investigator. As set forth below, the court denies plaintiff's motions.

II. Background

This action was filed on September 8, 2015. The court issued an initial discovery and scheduling order on June 27, 2016. On October 11, 2016, plaintiff filed a motion for extension of time to complete discovery. (ECF No. 30.) On October 20, 2016, plaintiff's motion was denied due to plaintiff's failure to demonstrate diligence. (ECF No. 33.) Plaintiff propounded no discovery requests before the August 14, 2016 deadline; rather, his first discovery requests were mailed to defense counsel on October 5, 2016, nine days before the October 14, 2016 discovery cut-off. (ECF No. 33 at 2.) On September 12, 2017, the district court partially granted defendants' motion for summary judgment, and on September 13, 2017, the undersigned issued a

1  further scheduling order, noting that discovery and law and motion are closed, and setting further
2  deadlines for filing pretrial statements, and dates for pretrial conference and trial.

III. Request to Reopen Discovery

In his motion to reopen discovery, plaintiff states he needs to obtain a statement from Adam Molik, one of the witnesses who was in the county jail with plaintiff. Plaintiff needs assistance locating Mr. Molik, and believes Molik is in the Department of Corrections. (ECF No. 45 at 2.) Also, plaintiff claims that the two nurse defendants were terminated from their positions at the jail, and he needs to find out whether their termination was related to the case at bar.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to establish a schedule that sets pretrial deadlines. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requirement is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [the parties] without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Id. The "good cause" standard under Rule 16(b) primarily considers the diligence of the party seeking the amendment. Id. at 609. If the movant "was not diligent, the inquiry should end." Id.

As noted in the court's prior order, plaintiff has not demonstrated diligence in propounding discovery requests. On June 27, 2016, the undersigned issued the scheduling order that provided for an October 14, 2016 discovery deadline. The order provided that all discovery requests were to be served not later than sixty days prior to the October 14, 2016 deadline. (ECF No. 22 at 5.) However, defendants contention that plaintiff propounded no discovery requests before August 14, 2016, and waited until October 5, 2016, went unrebutted by plaintiff. The court denied plaintiff's first request without prejudice on October 20, 2016, yet plaintiff waited, without further explanation, until almost a year later, to renew his request.

Therefore, because plaintiff has not shown diligence in seeking discovery during the discovery period, plaintiff's request to extend the discovery deadline is denied.

IV. Request for Investigator

On October 17, 2017, plaintiff filed a request for a court-appointed investigator. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for investigators. See 28 U.S.C. § 1915. Thus, plaintiff's request for an investigator is denied.[1]

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery (ECF No. 45) is denied; and

2. Plaintiff's request for a court-appointed investigator (ECF No. 46) is denied.

Dated: December 20, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/shep1894.16b.31c

---

[1] Plaintiff is advised that the CDCR inmate locator does not reflect that Adam Molik is presently incarcerated in the state of California. http://inmatelocator.cdcr.ca.gov/default.aspx (accessed October 30, 2017, and December 18, 2017).

3