UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON SHEPARD, | No. 2:15-cv-1894 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Motion for Appointment of Expert

Plaintiff appears to request a court-appointed neutral expert under Rule 706 of the Federal Rules of Evidence. However, plaintiff did not sign his request. Rule 11 of the Federal Rules of Civil Procedure require all litigants to sign filings submitted to the court. Id. Plaintiff is granted fourteen days in which to re-file the motion bearing his signature.

II. Motion for Appointment of Counsel

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States

1

Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Finally, plaintiff mentions a necessity to locate certain witnesses.  Plaintiff claims he needs to call a witness "Lee John," born on August 21, 1979, and believes he is now in state prison.  (ECF No. 48 at 2.)  However, the CDCR inmate locator does not reflect that a "Lee John" is presently incarcerated in the state of California.  http://inmatelocator.cdcr.ca.gov/default.aspx (accessed December 18, 2017).  Searches for an inmate "John Lee" revealed eight different inmates by the name "John Lee," but none of them were born on August 21, 1979.

Plaintiff also claims he needs to call two county jail officers, Officer Hemsley and Officer Willis, but cannot contact them to obtain affidavits.  Because these officers are not incarcerated, plaintiff is not required to file an affidavit, but may subpoena them to appear at trial, so long as plaintiff follows the procedure set forth in the scheduling order, including the tender of appropriate witness fees.  (ECF No. 44 at 4.)

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, plaintiff's shall file a signed request for a medical expert witness for trial (ECF No. 49); and

////

2. Plaintiff's motion for the appointment of counsel (ECF No. 48) is denied.

Dated: December 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/shep1894.31+