UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON SHEPARD, | No. 2:15-cv-1894 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff requests a court-appointed neutral medical expert under Rule 706 of the Federal Rules of Evidence. As set forth below, the undersigned denies the request.

A. Plaintiff's Argument

Plaintiff argues that an impartial medical expert is required to help the court and the jury understand the evidence and determine the facts. Plaintiff argues that this is a very complex case because he contends that Dr. John Levin, defendants' expert, does not dispute or address plaintiff being left in contaminated boxers and towels, and did not address whether the drainage from the infections could cause plaintiff's recurring skin infections and cause a MRSA infection. (ECF No. 49 at 2.) Plaintiff contends that the appointment of an impartial medical expert could answer

1

such questions and explain the facts to the jury. Without such an expert, plaintiff contends the jury will be left to speculate as to causation, contamination, and deliberate indifference.

B. Standards

Federal Rule of Evidence 706 provides "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.) Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (where "all parties agree[d]" Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference.)[1]

C. Discussion

Plaintiff fails to demonstrate that this action is so complex that it requires the appointment of an expert witness to assist the trier of fact. Plaintiff does not explain how his deliberate

---

[1] In Gorton, the District Court Judge found the Magistrate Judge's adjudication of the request to appoint an expert clearly erroneous because of the failure to provide a reason for the denial. The District Court Judge also found the facts of that case suggested an expert might have been necessary to promote accurate factfinding. Id. at 1179. Here, plaintiff confirms he is not asking for a medical expert to serve as an advocate for plaintiff. (ECF No. 56 at 1.)

indifference claims are factually or legally complex, but rather points to the questions the court noted went unaddressed by defendants' expert on summary judgment. The undersigned does not find such questions or plaintiff's claims of deliberate indifference to be so complex that the jury will require a neutral expert at trial. See, e.g., Noble v. Adams, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); Lopez v. Scribner, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."); Hooker v. Adams, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly complex."). Rather, this case involves a relatively straightforward Eighth Amendment claim that will turn on the nature of each defendant's response to plaintiff's serious medical need. Moreover, defendants have included Dr. John Levin as a witness for trial; plaintiff will have the opportunity to cross-examine Dr. Levin on issues such as causation, contamination, and deliberate indifference. Therefore, plaintiff's request is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for a neutral medical expert witness for trial (ECF No. 49) is denied.

Dated: February 21, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/shep1894.31.c